UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

*FILED*
*SEP 19 2011*
*CHRIS R. JOHNSON, CLERK*

KAREN AND RUSSELL FOWLER,

    Plaintiffs,

v.                                CIVIL ACTION NO. 11-5222

NORTHSTAR LOCATION SERVICES, LLC,

    Defendant.

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

KAREN AND RUSSELL FOWLER (Plaintiffs), through their attorneys, KROHN & MOSS, LTD., allege the following against NORTHSTAR LOCATION SERVICES, LLC, (Defendant):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Arkansas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiffs are natural persons residing in Bella Vista, Benton County, Arkansas.

7. Plaintiffs are consumers as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collection company with its headquarters in Cheektowaga, New York.

## FACTUAL ALLEGATIONS

10. Defendant placed collection calls to Plaintiffs seeking and demanding payment for an alleged debt.

11. Defendant placed collection calls to Plaintiffs from telephone number 888-820-0963.

12. Defendant called Plaintiffs on their cell phones at 479-903-3553 and 479-255-8700.

13. Defendant called Plaintiffs approximately one to two times a day on a daily basis.

14. In approximately early July 2011, Plaintiffs and Defendant agreed to work out a payment arrangement, the first of which was for $200 to be paid to the Defendant.

15. Plaintiffs paid the $200 to the Defendant which was automatically debited from Plaintiffs' account.

16. Despite the agreed upon effort to work out a payment arrangement, Plaintiffs were informed by the Defendant that the remaining debt of $9,632.70 would be debited from their banking account.

17. Plaintiffs objected and expressly instructed Defendant <u>not</u> to debit the remaining $9,632.70 from their account.

18. Despite their objection and instruction to Defendant, on July 22, 2011 Plaintiffs received a letter from Defendant informing them that on July 31, 2011 the amount of $9,632.70 would be debited from their account.

19. On July 27, 2011, Defendant again contacted Plaintiffs and informed them that the remaining balance of $9,632 will be debited on July 31, 2011. The Plaintiffs' objected again.

20. On July 28, 2011, Plaintiffs' made a stop payment through their bank on the amount and was a charged a fee of $20.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    b. Defendant violated *§1692e* of the FDCPA by engaging in false, deceptive, or misleading representation in connection with the collection of the debt.

    c. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by telling Plaintiff that they would work out a deal and first pay $200 to the Defendant.

    d. Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means to collect or attempt to collect the debt.

  e. Defendant violated *§1692f(5)* of the FDCPA by causing a charge of $20 to be made to any person for communications by concealment of the true purpose of the communication.

WHEREFORE, Plaintiffs, KAREN AND RUSSELL FOWLER, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC., for the following:

22. Actual damages in the amount of $20.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*, and

25. Any other relief that this Honorable Court deems appropriate.

          RESPECTFULLY SUBMITTED,

          By: *[signature]*
          Shireen Hormozdi
          Krohn & Moss, Ltd
          10474 Santa Monica Blvd. Suite 401
          Los Angeles, CA 90025
          Tel: (323) 988-2400 x 267
          Fax: (866) 385-1408
          Email: shormozdi@consumerlawcenter.com

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, KAREN AND RUSSELL FOWLER, demand a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARKANSAS

Plaintiffs, KAREN AND RUSSELL FOWLER, state the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), we, KAREN AND RUSSELL FOWLER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_8-24-11_
Date

_8-24-11_
Date

_[signature]_
KAREN FOWLER

_[signature]_
RUSSEL FOWLER